UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>NEWTON, *et al.*,<br><br>Defendants. | Case No. 3:16-cv-00582-MMD-WGC<br><br>**ORDER**<br><br>Re: ECF No. 38 |

Before the court is Plaintiff's Motion for an Order Compelling Discovery. (ECF No. 38.) Defendants filed a response. (ECF No. 40.)

## **I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Pl.'s Compl., ECF No.5.) The events giving rise to this action took place while Plaintiff was housed at Southern Desert Correctional Center (SDCC). (*Id*.)

The complaint was screened, and Plaintiff was permitted to proceed with the following claims: (1) a retaliation claim in Count I against Newton and Sanchez based on allegations that Newton assaulted Plaintiff in retaliation for using the prison grievance system, and that Sanchez assaulted him for telling John Doe 1 about Newton's assault in the context of seeking medical care for his injuries; (2) an excessive force claim in Count I against Newton, Sanchez, and Moten based on allegations that Newton kneed Plaintiff in the head while Plaintiff was medically seizing after Plaintiff complained about Newton's actions, causing a head injury and concussion-like symptoms; that Sanchez handcuffed Plaintiff in retaliation for his disclosure to medical personnel of Newton's assault, tightly enough to cause nerve and ligament damage and refused to loosen the handcuffs when Plaintiff showed signs of injury and distress; and, Moten stood over Plaintiff and

1 | failed to intervene; (3) an Eighth Amendment deliberate indifference to serious medical needs claim in Count II against defendants Nurse John Doe 1, Doctor/Provider John Doe 3, and Sergeant John Doe 4 based on allegations that John Doe 1 failed to examine or treat Plaintiff for his head injury to cover up the assault by Newton; that Doe 3 refused to provide treatment for his head and wrist injuries; and that Doe 4 responded to Plaintiff's emergency grievance for immediate medical care by denying the request, and Plaintiff suffered unnecessary pain and injury; (4) an Eighth Amendment deliberate indifference to safety claim in Count II against John Doe 1 and 2 based on allegations they witnessed Sanchez's alleged assault of Plaintiff, but did nothing to intervene. (Screening Order, ECF No. 4.)

Service was accepted on behalf of Moten and Sanchez on November 29, 2017. (ECF No. 13.) A summons was issued for Cory Newton on November 30, 2017, but was returned unexecuted on January 1, 2018. (ECF Nos. 17, 21.) On January 23, 2018, Plaintiff filed a motion for extension of time to serve Newtown. (ECF No. 23.) The court granted that motion on January 24, 2018, giving Plaintiff until February 28, 2018 to serve Newton. (ECF No. 26.) No proof of service was filed as to Newton, and he was dismissed from the case without prejudice pursuant to Federal Rule of Civil Procedure 4(m) on April 12, 2018. (ECF No. 35.) Plaintiff did not timely file a motion to substitute in or otherwise amend with respect to any of the Doe defendants named in the complaint; therefore, the case is currently proceeding only against Moten and Sanchez for the retaliation and excessive force claims against them in Count I.

Defendants filed their motion for summary judgment on January 8, 2018. (ECF Nos. 18, 18-1 to 18-7.)

On January 11, 2018, a scheduling order was entered setting a discovery completion date of April 11, 2018; a discovery motion deadline of April 25, 2018; and the deadline for filing motions for summary judgment of May 11, 2018. (ECF No. 22.) Plaintiff filed a motion for an order staying the motion for summary judgment until the completion of discovery. (ECF No. 24.) The court interpreted this as a request for an extension of time under Federal Rule of Civil Procedure 56(d) to complete discovery on issues relevant to the motion for summary judgment. (*See* ECF No. 25.) The court denied the motion, but gave Plaintiff additional time to file a response

to Defendants' motion for summary judgment: up to February 28, 2018. (*Id.*) Plaintiff was advised that any future motion to extend the time to respond to the motion for summary judgment must explain what discovery was completed and what additional discovery is necessary to respond to the motion. (*Id.*)

Plaintiff filed his response to the motion for summary judgment on February 27, 2018. (ECF No. 29.) Defendants filed their reply brief on March 5, 2018. (ECF No. 30.)

On April 10, 2018, Plaintiff filed a motion for extension of time to complete discovery. (ECF No. 32.) The next day, the court entered an order granting the motion and establishing new scheduling order deadlines: the discovery completion deadline was extended to May 26, 2018; the discovery motion deadline was extended to May 30, 2018; the dispositive motion deadline was extended to June 25, 2018. (ECF No. 33.)

In light of the court order extending the discovery completion deadline to May 26, 2018, on May 23, 2018, the court issued a minute order that also gave Plaintiff up to Friday, June 8, 2018, to file a supplemental response to Defendants pending motion for summary judgment, and gave Defendants up to June 15, 2018, to file a supplemental reply brief. (ECF No. 37.)

Plaintiff did not file a supplemental response. On June 6, 2018, he filed the Motion for an Order Compelling Discovery. (ECF No. 38.) In that motion, Plaintiff seeks an order compelling Moten and Sanchez to produce documents. He sets forth multiple categories of documents and items that he seeks to compel.

Defendants contend that the motion should be denied because the parties have not met and conferred prior to the filing of the motion.

## **II. DISCUSSION**

According to Defendants, Plaintiff served them with requests for production of documents, interrogatories and requests for admission on April 24, 2018. Defendants responded to the first request for production of documents on May 8, 2018. (ECF No. 40-1.) Plaintiff sent a letter on May 21, 2018, asking that Defendants supplement their responses by providing all video tapes from the medical unit on February 2, 2014 and color pictures of Plaintiff's alleged injuries from the handcuffs and other body parts taken on February 2, 2014, as well as any other documents not

produced. (ECF No. 40-2.)

On May 24, 2018, Defendants responded to the requests for admissions and interrogatories. (ECF No. 40-3.)

On May 30, 2018, Defendants responded to the request to supplement the discovery responses, stating that they would provide colored copies of the photographs of Plaintiff's alleged injuries, but that there was no video evidence because video recordings are only kept by the institution for ten to fourteen days. (ECF No. 40-4.)

Plaintiff filed this motion on June 6, 2018. Defendants are correct that a motion seeking to compel responses to discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a); *see also* LR 26-7(c). In addition, Local Rule 26-7 requires a motion to compel discovery to set forth in full the text of the discovery originally sought and any response to it. LR 26-7(b).

Plaintiff's motion does not include the required certification of a good faith attempt to meet and confer. Nor does it set forth in full the text of the discovery originally sought and the response. Defendants motion establishes that Plaintiff did send a letter requesting supplemental responses, but there was no additional communication after at least a partial supplemental response was provided and before the motion was filed. Therefore, the motion is denied without prejudice. If Plaintiff elects to renew his motion, it must comply with Rule 37 and Local Rule 26-7.

The court notes that the last discovery motion deadline set forth in the amended scheduling order was May 30, 2018. While Plaintiff did not file his motion until June 6, 2018, the court does not find that dispositive of the issues raised because defense counsel did not respond to Plaintiff's letter requesting supplemental responses until May 30, 2018. In the event Plaintiff decides to renew his motion to compel, there would likely be good cause for doing so beyond the scheduling order deadline.

///

///

### **III. CONCLUSION**

Plaintiff's Motion for an Order Compelling Discovery is **DENIED WITHOUT PREJUDICE**. (ECF No. 38.)

**IT IS SO ORDERED.**

DATED: June 22, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE